**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RAYVON BOATMAN,**

**Plaintiff,**

**vs.**                                                                        **4:05CV32-MMP/AK**

**JAMES V. CROSBY,**
**et al,**

**Defendants.**

_____/


**REPORT AND RECOMMENDATION**

This cause is before the Court upon notice of removal filed by Defendant Crosby.

(Doc. 1).  Plaintiff, proceeding *pro se*, initially filed a civil rights complaint in the Circuit

Court of the Second Judicial Circuit, Leon County, Florida, alleging deliberate

indifference to his serious medical needs and other civil rights violations.  (Doc. 1).

Defendant Crosby asserts that removal is appropriate under 28 U.S.C. § 1442(a)(1) and

§ 1446(a),(b) and that the notice of removal has been timely filed.

The complaint filed by Plaintiff alleges civil rights violations by several

Defendants at Florida State Prison in Raiford, Florida.  Pursuant to 28 U.S.C. § 1391(b)

and 28 U.S.C. § 89(b), this facility is in the Middle District of Florida.  Further, these

claims appear to be the same claims asserted in <u>Boatman v. Desmarasis</u>, Case No. 4:04CV13, which was transferred to the Middle District on March 10, 2004.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).  The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer.  *Cf.* <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* <u>Starnes v. McGuire</u>, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  7th  day of February, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

4:05CV32-MMP/AK

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

4:05CV32-MMP/AK